UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

ANGELA DAWN MILLER,

    Petitioner,

v.                                                                                 CIVIL ACTION NO. 5:20-cv-661

J. D. SALLAZ, *Superintendent,*
*Lakin Correctional Center and Jail,*

    Respondent.

## MEMORANDUM OPINION AND ORDER

Pending are Petitioner Angela Miller's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 [Doc. 1] and Respondent's Motion to Dismiss the Petition for Writ of Habeas Corpus as Untimely Filed [Doc. 10]. The matter is ready for adjudication.

### I.

This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission of proposed findings and a recommendation ("PF&R"). Magistrate Judge Tinsely filed his PF&R on June 21, 2022. [Doc. 20]. Magistrate Judge Tinsley recommended the Court grant Respondent's Motion to Dismiss and dismiss Ms. Miller's § 2254 Petition. [*Id.* at 23]. Ms. Miller timely filed her objections on August 8, 2022. [Doc. 21].

### II.

The Court is required "to make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C.

§ 636(b)(1). The Court need not review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140 (1985); *see also* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." (emphasis added)). Further, the Court need not conduct de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

The Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), effective April 24, 1996, provides federal habeas relief to state prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2244(d)(1) prescribes a one-year period of limitation governing the filing of § 2254 habeas petitions that runs from the latest of one of four specified events:

> (A) the date on which the judgment became final, by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *see also Jimenez v. Quarterman*, 555 U.S. 113, 114 (2009) ("The [AEDPA] establishes a 1-year time limitation for a state prisoner to file a federal habeas corpus petition. That year runs from the latest of four specified dates.")

...

The one-year statute of limitations is subject to certain exceptions and tolling doctrines. *Holland v. Florida*, 560 U.S. 631, 645 (2010) (holding that "§ 2244(d) is subject to equitable tolling in appropriate cases"). "A petitioner can 'toll' the federal habeas statute of limitations in two ways: statutory tolling and equitable tolling." *Beckham v. Warden*, Case No. 7:16CV00161, 2017 WL 1750756, at *4 (W.D. Va. May 4, 2017). Statutory tolling occurs when a petitioner files a state habeas petition within the federal statute of limitations period; the federal habeas statute of limitations is then tolled for the duration of the state habeas proceeding. 28 U.S.C. § 2244(d)(2). Equitable tolling occurs only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

**III.**

Neither party has made any objections to the factual findings of the PF&R. Accordingly, the Court **ADOPTS** the timeline and factual discussion of the PF&R. As to the legal analysis, Ms. Miller makes three objections. First, she states: "The complete trial transcript is not part of the record before this court. The record is required to understand Petitioner's objection to the finding that Petitioner's suicide attempt (structural error) should not excuse the timeliness requirement." [Doc. 21 at 1 (footnotes omitted)]. Second, she objects to "the fact that her claim of ineffective assistance of trial counsel is being recommended to be found untimely." [*Id.* at 4]. Finally, she objects "to the determination of how Petitioner came to know of juror Linda Farren's misconduct and the calculation of whether this claim of new evidence is timely." [*Id.* at 6]. Her first and second objection go to the merits of her claim. The question before the Court, however, is whether the claim was timely filed. Accordingly, the Court will construe all three of the

objections broadly and consider the timeliness of each of Ms. Miller's claims. *Thomas v. McBride*, No. 1:05CV46, 2005 WL 3535157, at *3 (N.D.W. Va. Dec. 23, 2005) ("If the petition is barred by the statute of limitations, the Court need not address the substantive issues raised in the petitioner's Writ of Habeas Corpus.").

As a threshold issue, Ms. Miller does not argue that she was prevented from filing a petition by government action or that a new, retroactive federal law applies to her claims. Thus, the statute of limitations began on either (1) the date her judgment became final, by the conclusion of direct review or the expiration of the time for seeking such review, or (2) the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1); *see also Jimenez*, 555 U.S. at 114.

### A. Objection One

Ms. Miller's conviction became final on September 12, 1996. Any federal habeas claims based on ineffective assistance of trial counsel would thus be time barred after September 12, 1997. Her October 8, 2020, petition is thus untimely.

Ms. Miller's first objection notes that at the time of her conviction, there was evidence of that she had made several suicide attempts. She thus maintains that she was incompetent to stand trial. [Doc. 21 at 2–3]. She relies on other petitions where writs of habeas were granted based on an defendant's incompetency to stand trial. [*Id.* (citing *McWilliams v. Comm'r*, 940 F.3d 1218, 1226 (11th Cir. 2019)]. She then asks this Court to consider "whether the fact that she was not declared competent enough to excuse the timeliness requirement." [*Id.* at 3]. Taking this as an assertion that she was not competent to stand trial, it goes to the merits of her claim. Taking this as an assertion that she is not competent and thus the Court should equitably toll the statute of limitations, it is unpersuasive.

A petitioner's "ignorance of the law is not a basis for equitable tolling." *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (citing *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) ("Even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted.")). "Equitable tolling is only available in 'those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation against the party.'" *Cannady v. Johnson*, No. 1:10cv505, 2010 WL 5300852, at *2 (E.D. Va. Dec. 20, 2010) (citing *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002)).

Petitioners are "only entitled to equitable tolling if [they] present (1) extraordinary circumstances, (2) beyond [their] control or external to [their] own conduct, (3) that prevented [them] from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Courts "will apply equitable tolling because of a petitioner's mental condition only in cases of profound mental incapacity." *Sosa*, 364 F.3d at 513. Here, the record shows no "profound" mental incapacity attributable to Ms. Miller. Accordingly, there is no basis to toll the statute of limitations, and the Court **OVERRULES** Ms. Miller's first objection.

**B. Objection Two**

Ms. Miller next objects to the finding that her claim of ineffective assistance of counsel is untimely. She again, however, addresses the merits of her claim. She states, "Ineffective assistance of counsel is a structural error and as such should be considered for timeliness to be excused." [Doc. 21 at 4]. She further contends, "The Proposed Findings and Recommendation's determination that an inmate with a low IQ is capable of telling legal counsel what to do and how to do it is highly unbelievable." [*Id.* at 5].

5

Importantly, "there is no constitutional right to an attorney in state post-conviction proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Further, there is no such right during post-conviction proceedings in federal court. *Rouse*, 339 F.3d at 250 (holding that error due to ineffective assistance of counsel, when no constitutional right to counsel exists, is attributed to the petitioner and is thus not external to his own conduct). Additionally, Ms. Miller's assertion that extraordinary circumstances exist because of her intelligence and education level fails for the same reasons discussed above. Inasmuch as this Petition was filed after the statute of limitations had passed and there is no basis for equitably tolling the statute of limitations, the Court **FINDS** the Petition is untimely and **OVERRULES** Ms. Miller's second objection.

*C. Objection Three*

For the purposes of § 2244(d)(1)(D), the one-year limitations period is deemed to commence on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The crucial factor for application of § 2244(d)(1)(D) is whether petitioner can demonstrate that she exercised "due diligence" in ascertaining the requisite evidence. *See Gray v. Ballard*, 848 F.3d 318, 322 (4th Cir. 2017) "Due diligence does not require the maximum feasible diligence, but it does require reasonable diligence in the circumstances." *Id.* (internal citations omitted).

The determinative question is whether the information could have been discovered, not whether it actually was discovered. *See In re McDonald*, 514 F.3d 539, 545 (6th Cir. 2008) (holding that petitioner could not have discovered facts which supported successive habeas petition when such facts were based upon a witness' recantation of trial testimony following initial habeas petition); *see also Pace*, 544 U.S. at 419 (noting that "[u]nder long-established principles, petitioner's lack of diligence precludes equity's operation").

Rather than indicating that this new basis for Ms. Farren's disqualification could not have been discovered through exercise of due diligence, Ms. Miller's third objection just expands on the circumstances under which she learned about this new basis. However, the information could have been discovered, especially considering the evidence in the record of Ms. Miller having counsel appointed and counsel hiring a private investigator to investigate issues relating to the jury. And again, there are no exceptional circumstances that would be the basis to toll the statute of limitations. The Court **OVERRULES** Ms. Miller's third objection.

## IV.

For the foregoing reasons, the Court **OVERRULES** Ms. Miller's Objections [**Doc. 21**], **ADOPTS** the Magistrate Judge's PF&R [**Doc. 20**], **GRANTS** the Motion to Dismiss [**Doc. 10**], and **DISMISSES** the Petition [**Doc. 1**].

The Court directs the Clerk to transmit a copy of this written opinion and order to any counsel of record and any unrepresented party.

ENTER: September 6, 2022



Frank W. Volk
United States District Judge